ORDER (Denying Appeal)
PER CURIAM.
On February 14, 2014, the appellant, appearing pro se, filed a timely appeal of a final Trial Court judgment issued on December 16, 2013. HCN KApp. P. 7(b)(1), 11(a), available at http://www.ho-chunknation.com/?PageId=123. “Any party to a civil action ... who is dissatisfied with [a] judgment ... may appeal to the Supreme Court.” HCN Const,, art. VII, § 14, available at http://www.ho-ehunknation.com/?PageId=294. Presumptively, “this Court is required to accept appeals which state an appealable issue.” Deena M. Basina v. William P. Smith, SU 00-08 (HCN S.Ct., July 13, 2000) at 2. The Court, however, has consistently construed the constitutional right to appeal as applying only to a review of final judgments.[1] HCN R.App. P. 7; see also, e.g., Stewart Miller v. Ho-Chunk Nation et al, SU 99-OS (HCN S.Ct., Sept. 15,1999).
Moreover, while the Constitution “confers the right to appeal ..., that power is circumscribed by the procedures set out in the HCN Rules of Appellate Procedure .... [A]ny party who seeks an appeal must abide by the procedural rules established by this Court...Bonnie Smith v. HCN Gaming Comm’n, SU 01-03 (HCN S.Ct, Mar. 16, 2001) at 1 (citing HCN Const., art. VII, § 7(b)). In this sense, “[ajppeals are not automatically a matter of right but are within the Court’s disere *111 tion. The HCN R.App. P. provide the guidelines as to how parties file an appeal.” Veronica L. Wilber v. Ho-Chunk Nation, SU 04-02 (HCN S.Ct., Apr. 14, 2004) at 2. The Court may decline to accept an appeal for failure to adhere to clear procedural requisites. See Gale S, White v. Jean Day et al., 7 Am. Tribal Law 256 (HCN Tr.Ct.2008) at 16-17. “This Court, despite its infancy, must require those who come into our court system to follow our rales and requirements.” Leigh Stephen et al. v. Ho-Chunk Nation, SU 99-01 (HCN S.Ct., Mar. 23, 1999) at 3.
The Supreme Court has erected rather minimal requirements regarding the content of a notice of appeal.[2] An appellant first needs to establish the basic parameters of the appeal. “The Notice of Appeal shall identify the party/parties making the appeal by name and address, and shall identify the final judgment or order being appealed by name and case number.” HCN R.App. P. 11(a). An appellant then must set forth the essential contours of the appeal.
The Notice of Appeal must include a short statement of the reason or grounds for the appeal The party filing the appeal must articulate exactly how the lower court erred as a matter of law when considering the facts offered to that court. The statement should include references and/or citations to the applicable law.
Id., Rule 11(b) (emphasis added).
The Court deems that the appellant has not satisfied the above-quoted appellate requirements.[3] The appellant’s notice of appeal, written upon a standard complaint form, twice states an “unequivocal need to ascertain paternity/tribal membership.” Notice of Appeal, SU 14-02 at 1-2. Yet, nowhere does the appellant “articulate exactly how the lower court erred as a matter of law.” HCN R.App. P. 11(b). The appellant references the trial level determination on a single occasion within a two-page attachment, but confusingly remarks that “the 12/16/2013 judgment and order should be upheld.” Notice of Appeal, attach, at 1. The appellant otherwise seemingly maligns “Judicial confidentiality” in passing, id., but, again, provides no “grounds for the appeal.” HCN R.App. P. 11(b). These essential elements must appear within a notice of appeal, and their absence will inevitably lead to a denial of appellate consideration. See, e.g., Kenneth L. Twin v. Douglas Greengrass et al., SU 04-08 (HCN S.Ct., Dec. 29, 2004); Cheryl Smith v. Ho-Chunk Nation et al., SU 00-07 (HCN S.Ct., May 26, 2000). Consequently, the Court denies the present appeal.
EGI HESKEKJET.

. The appellate rules do not expressly contemplate the filing of an answer to a Notice of Appeal prior to its acceptance or rejection by this Court. HCN R.App. P. 7(e). In contrast, an appellee may submit an oppositional answer within ten (10) days after the filing of a Petition for Permission to Appeal an interlocutory decision. HCN R.App. P. 8.

. In certain situations, irrelevant here, a party may conceivably incorporate a request for a stay of the Trial Court order. HCN R.App. P. 7(c).

. In accordance with past practice, the object of the appeal, Associate Justice Trida A. Zunker, did not participate in the formal deliberation of whether to grant or deny the appeal. See, e.g., Dennis M. Funmaker v. HCN Election Bd. et al, SU 05-06 (HCN S.Ct., May 27, 2005) at 1.